# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| V.F. LIPTAK, | |
| Plaintiff, | Case No. 2:12-CV-00882-KJD-GWF |
| v. | **ORDER** |
| ALLY BANK, *et al.*, | |
| Defendants. | |

Presently before the Court is Plaintiff's Motion to Recuse (#5). Also before the Court is Plaintiff's Motion for Temporary Restraining Order (#2). Finally before the Court is Defendant Ally Bank's Motion to Dismiss (#14). Though the time for doing so has passed, Plaintiff has failed to file a response in opposition to the motion to dismiss.

I. Motion to Recuse and Motion for Preliminary Injunctive Relief

It appears, construing liberally from Plaintiff's *pro se* motion, that Plaintiff is moving to have the current judge recuse himself under 28 U.S.C. § 455(a) which requires a judge to recuse himself in any proceedings in which his or her impartiality might reasonably be questioned. Essentially, Plaintiff asserts that the court must be biased, because it did not act immediately to deny Plaintiff's meritless motion for a temporary restraining order. Plaintiff asserts that the court must have acted out of bias because he contends that the court withheld ruling because he did not file a certificate of

interested parties as required by Federal Rule of Civil Procedure 7.1 and Local Rule 7-1. The only basis for this argument that the court can find in the record is the Clerk of the Court's notation in the Notice of Electronic Filing (#1) associated with the filing of Plaintiff's complaint which states that certificates of interested parties were due by June 3, 2012. Plaintiff, not being a corporation, was free to disregard the requirement.

The Court did not immediately grant Plaintiff a hearing because it was clear from his pleadings that he did not make a clear showing of likely success on the merits. Temporary restraining orders are governed by the same standard applicable to preliminary injunctions. See Dumas v. Gommerman, 865 F.2d 1093, 1095 (9th Cir. 1989). To qualify for injunctive relief, a plaintiff must demonstrate: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm; (3) the balance of hardships favors plaintiff; and (4) an injunction is in the public interest. See Winter v. Natural Res. Def. Council, 555 U.S. 7, 120 (2008); eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388 (2006).

However, "[a] preliminary injunction is an extraordinary remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997). Here, Plaintiff has failed to make a clear showing of likelihood of success on the merits. Particularly, it is clear from the pleadings that Plaintiff's claims are barred by the Rooker-Feldman doctrine as Plaintiff seeks to have this court declare four prior judgments from state and federal courts in Texas invalid. Therefore, the Court denies Plaintiff's motion for a temporary restraining order.

Finally, Plaintiff's motion to recuse must be denied, because he has failed to establish that the Court's impartiality might be reasonably questioned. See Toth v. Trans World Airlines, 862 F.2d 1381, 1387-88 (9th Cir. 1988)(bias or prejudice justifying recusal must arise from an extrajudicial source and not from conduct or rulings made during the course of the proceeding). Plaintiff has not demonstrated any extrajudicial source of bias or prejudice. Therefore, the Court denies his motion to recuse.

II. Unopposed Motion to Dismiss

Local Rule 7-2(d) allows the Court to consider failure to file points and authorities in opposition to a motion as consent to the motion being granted. Therefore, in accordance with Local Rule 7-2(d) and having considered the motion on the merits, the Court grants Defendant Ally Bank's motion to dismiss. First, Plaintiff's claims are clearly precluded by both the Rooker-Feldman doctrine and issue and claim preclusion. See Henrichs v. Valley View Development, 474 F.3d 609, 613-14 (9th Cir. 2007). The Rooker-Feldman doctrine provides that federal district courts lack jurisdiction to exercise appellate review over final state court judgments. Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-86, (1983); Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 283-84 (2005). Essentially, the doctrine bars "state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced" from asking district courts to review and reject those judgments. Id. at 284. Absent express statutory authorization, only the Supreme Court has jurisdiction to reverse or modify a state court judgment. See Henrichs, 474 F.3d at 614. The clearest case for dismissal based on the Rooker-Feldman doctrine occurs when "a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision...." Noel v. Hall, 341 F.3d 1148, 1164 (9th Cir. 2003).

Rooker-Feldman does not override or supplant issue and claim preclusion doctrines. Exxon Mobil, 544 U.S. at 284. The doctrine applies when the federal plaintiff's claim arises from the state court judgment, not simply when a party fails to obtain relief in state court. Noel, 341 F.3d at 1164-65 (citing GASH Assocs. v. Village of Rosemont, 995 F.2d 726, 729 (7th Cir. 1993)). Preclusion, not Rooker-Feldman, applies when " 'a federal plaintiff complains of an injury that was not caused by the state court, but which the state court has previously failed to rectify.' " Noel, 341 F.3d at 1165 (quoting Jensen v. Foley, 295 F.3d 745, 747-48 (7th Cir. 2002)). In Liptak's present action, he makes both kinds of complaints. Therefore, Liptak's claims against Ally Bank are dismissed.

Furthermore, the Court would normally allow Plaintiff to amend his complaint. However, doing so would be futile, because the Court would otherwise dismiss the complaint under Rule 12(b)(3). Plaintiff has made no showing that the District of Nevada is the proper venue for this action arising based on facts that entirely occurred in the State of Texas. Finally, Plaintiff has failed to state a claim upon which relief may be granted against Defendant Ally under the Fair Debt Collection Practices Act ("FDCPA"). Plaintiff's complaint alleges no facts that even if taken as true would allow the Court to find that Defendant Ally is a "debt collector" falling under the FDCPA. Plaintiff also fails to allege facts that Ally threatened to take action that is not intended or could not legally be taken. Therefore, the Court grants the motion to dismiss without leave to amend.

III.  Conclusion

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Recuse (#5) is **DENIED**;

IT IS FURTHER ORDERED that Plaintiff's Motion for Temporary Restraining Order (#2) is **DENIED**;

IT IS FURTHER ORDERED that Defendant Ally Bank's Motion to Dismiss (#14) is **GRANTED**.

DATED this 19th day of September 2012.

_____
Kent J. Dawson
United States District Judge