1
2
3
4
5
6
7  **UNITED STATES DISTRICT COURT**
8  **DISTRICT OF NEVADA**
9
10  V.F. LIPTAK,
11      Plaintiff,                          Case No. 2:12-CV-00882-KJD-GWF
12  v.                                       **ORDER**
13  ALLY BANK, *et al.*,
14      Defendants.
15
16      Presently before the Court is Defendant Sears, Roebuck & Co.'s Motion to Dismiss (#6/7).
17  Plaintiff filed a response in opposition (#13) to which Defendant replied (#15).
18  I.  Background
19      Plaintiff only mentions named Defendant Sears, Roebuck & Co. ("Sears") in four pages of his
20  prolix sixty-six (66) page complaint.  On page of two of the complaint, Plaintiff alleges that
21  "defendant Sears' admission/offer to pay damages and by judicial declarations proving full
22  satisfaction of an otherwise void judgment" demonstrates probable success on the merits of his
23  complaint.  On page five, Plaintiff alleges "Defendant [Sears] is indebted to Liptak as a national
24  retailer, service provider and mail-order business in this district.  Liptak intends to seek waiver of
25  service from Sears, but for this action, if those who represented themselves as authorized agents
26

1  refuse to waive service by summons, Liptak will serve their agent as registered with the Secretary of

2  the State of Nevada."

3         On page twenty-one of the complaint, under "Count III 'Civil Rights' Violations", Liptak

4  claims that he was deprived of his right to file compulsory counterclaims stating: "By example,

5  Liptak was deprived of a jury trial against Sears in small claims, the day before trial on an unsworn,

6  ex parte motion by their lawyers, which continued the case without hearing and without admissible

7  evidence to cause delay and therefore per se denial of [due process] justice."  In a later paragraph on

8  the page Liptak continues: "By such institutional corruption posing as error, Liptak has no heating or

9  cooling in most of his home for over two years on undisputed facts by Sears' express offer to pay

10  damages."  Then, Plaintiff asserts the federal government is liable for damages based on the action of

11  "banks" ... "proven by Patriot and Sears making no counterclaim and Sears' offering to pay money

12  damages, still due but unpaid to Liptak, without any real remedy in Texas or elsewhere."

13         Finally on page fifty-seven, under the section title "Restated Grounds for Preliminary

14  Injunction", Plaintiff alleges "[m]oreover, Sears has offered to pay damages and both Ally and Sears

15  were recently prosecuted by the U.S. Government for wholesale violations of federal law resulting in

16  many $Millions[sic] of compensation for the victims."

17         Plaintiff's complaint was filed on May 24, 2012.  Defendant Sears then filed the present

18  motion to dismiss.  On September 19, 2012, the Court denied Plaintiff's motion to recuse and motion

19  for preliminary injunctive relief.  On March 8, 2013, the Court denied Plaintiff's second motion to

20  recuse.

21  II.  Standard for a Motion to Dismiss

22         In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as

23  true and construed in a light most favorable to the non-moving party."  Wyler Summit Partnership v.

24  Turner Broadcasting System, Inc., 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted).

25  Consequently, there is a strong presumption against dismissing an action for failure to state a claim.

26  See Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted).

2

1    "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted

2    as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S. Ct. 1937,

3    1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  Plausibility, in the

4    context of a motion to dismiss, means that the plaintiff has pleaded facts which allow "the court to

5    draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

6    The Iqbal evaluation illustrates a two prong analysis.  First, the Court identifies "the

7    allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations

8    which are legal conclusions, bare assertions, or merely conclusory.  Id. at 1949-51.  Second, the

9    Court considers the factual allegations "to determine if they plausibly suggest an entitlement to

10   relief."  Id. at 1951.  If the allegations state plausible claims for relief, such claims survive the motion

11   to dismiss. Id. at 1950.

12   III.  Analysis

13   Plaintiff has failed to state any claims against Defendant Sears, even construing Plaintiff's

14   pro se pleadings liberally, as the Court must.  First, Plaintiff's bare assertion that Sears is indebted to

15   him or offered to "pay damages" does not state a claim, without more facts upon which relief may be

16   granted.  The only specific claim under which Plaintiff asserts facts is for a "civil rights violation"

17   based apparently on Sears' participation in litigation in small claims court in Texas.  However,

18   Plaintiff has not alleged that Sears is a state actor.  Therefore, the Court must dismiss the claims for

19   civil rights violations, because Sears is not acting under the color of state law.

20   Furthermore, private parties may only be liable for civil rights violations where they wilfully

21   participate in joint action with state officials to deprive others of their constitutional rights.  See

22   United Steelworkers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540 (9th Cir. 1989)(en banc).

23   "To prove a conspiracy between private parties and the government under section 1983, an

24   agreement or 'meeting of the minds' to violate constitutional rights must be shown."  Fonda v. Gray,

25   707 F.2d 435, 438 (9th Cir. 1983).  Plaintiff has failed to meet his burden in alleging Sears came to a

26

3

1   meeting of the minds to violate Plaintiff's constitutional rights with the small claims court state

2   actors.

3        Finally, to any extent that Plaintiff seeks to claim RICO violations against Sears, Plaintiff has

4   failed to state a claim.  Under Federal Rule of Civil Procedure 9(b), if the plaintiff avers fraud, he

5   must do so "with particularity."  To "state with particularity" requires the pleader to state "the who,

6   what, when, where, and how of the misconduct charged."  Kearns v. Ford Motor Co., 567 F.3d 1120,

7   1124 (9th Cir. 2009) (citation, quotations omitted).  Rule 9(b)'s heightened pleading requirement

8   applies to civil RICO fraud claims.  Edward v. Marin Park, Inc., 356 F.3d 1058, 1066 (9th Cir.

9   2004).  The heightened pleading requirement demands that the circumstances constituting the alleged

10  fraud be specific enough to give defendants notice of the particular misconduct, "so that they can

11  defend against the charge and not just deny that they have done anything wrong." Sanford v.

12  MemberWorks, Inc., 625 F.3d 550, 558 (9th Cir. 2010) (quoting Kearns, 567 F.3d at 1124).

13       The Ninth Circuit has repeatedly enforced this requirement in RICO actions based on mail

14  fraud.  See, e.g., Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist., 940 F.2d 397 (9th Cir.

15  1991); Sanford, 625 F.3d 550.  In Lancaster, the court upheld dismissal of a RICO claim based on

16  mail fraud that failed to mention any specific mailing, deeming the pleading "insufficient." 940 F.2d

17  397, 405.   Similarly, Sanford involved a RICO claim based on fraudulent mailings, which the Ninth

18  Circuit held was properly dismissed because the plaintiffs failed to allege any specific mailing.  Id.,

19  625 F.3d at 558.  Moreover, "Plaintiffs cannot claim that a conspiracy to violate RICO existed if they

20  do not adequately plead a substantive violation of RICO." Sanford, 625 F.3d at 558.

21       Congress enacted the Racketeer Influenced and Corrupt Organizations Act ("RICO") with the

22  specific intent to "thwart the organized criminal invasion and acquisition of legitimate business

23  enterprises and property." Oscar v. Univ. Students Co-Operative Assn., 965 F.2d 783, 786 (9th Cir.

24  1992).  Federal courts have established that RICO was "intended to combat organized crime, not to

25  provide a federal cause of action and treble damages to every tort plaintiff. Id. at 786.

26

4

To state a cause of action under RICO, Plaintiff must establish (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (5) causing injury to the plaintiff's business or property by the conduct constituting the violation.  See Sedima v. Imrex Co., Inc., 473 U.S. 479 (1985).  RICO, in pertinent part, defines "racketeering activity" as "any act or threat. . . . which is indictable" under an enumerated list of offenses codified in Title 18 of United States Code and " which is chargeable under State law and punishable by imprisonment for more than one year." 18 U.S.C. § 1961(1).  A pattern of racketeering activity exists when a person commits two or more specified acts ("predicate acts") that have sufficient continuity and relationship so as to pose a threat of continued criminal activity.  See, e.g., Ticor Title Ins. Co. v. Florida, 937 F.2d 447, 450 (9th Cir. 1992).

It is clear that Plaintiff has failed to allege with specificity any acts by Sears that would involve a RICO violation.  Plaintiff has neither pled facts with specificity nor alleged any of the elements necessary to state a cause of action for RICO.  Therefore, the Court dismisses any RICO claims against Sears.

Normally, the Court would allow Plaintiff to file an amended complaint attempting to cure the deficiencies noted by the Court.  However, amending the complaint to cure any of the identified deficiencies would be futile, because the Rooker-Feldman doctrine would bar Plaintiff's action, and even if it did not, venue is not appropriate in Nevada.

Plaintiff's claims are clearly precluded by both the Rooker-Feldman doctrine and issue and claim preclusion.  See Henrichs v. Valley View Development, 474 F.3d 609, 613-14 (9th Cir. 2007). The Rooker-Feldman doctrine provides that federal district courts lack jurisdiction to exercise appellate review over final state court judgments. Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-86, (1983); Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 283-84 (2005).  Essentially, the doctrine bars "state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced" from asking district courts to review and reject those

1  judgments. Id. at 284.  Absent express statutory authorization, only the Supreme Court has

2  jurisdiction to reverse or modify a state court judgment.  See Henrichs, 474 F.3d at 614.  The clearest

3  case for dismissal based on the Rooker-Feldman doctrine occurs when "a federal plaintiff asserts as a

4  legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court

5  judgment based on that decision...." Noel v. Hall, 341 F.3d 1148, 1164 (9th Cir. 2003).

6       Rooker-Feldman does not override or supplant issue and claim preclusion doctrines.  Exxon

7  Mobil, 544 U.S. at 284.  The doctrine applies when the federal plaintiff's claim arises from the state

8  court judgment, not simply when a party fails to obtain relief in state court.  Noel, 341 F.3d at 1164-

9  65 (citing GASH Assocs. v. Village of Rosemont, 995 F.2d 726, 729 (7th Cir. 1993)).  Preclusion,

10  not Rooker-Feldman, applies when " 'a federal plaintiff complains of an injury that was not caused

11  by the state court, but which the state court has previously failed to rectify.' " Noel, 341 F.3d at 1165

12  (quoting Jensen v. Foley, 295 F.3d 745, 747-48 (7th Cir. 2002)).  In Liptak's present action, he

13  makes both kinds of complaints.  In fact, it appears clear, from the allegations of his complaint, the

14  reason that the filed the complaint in the District of Nevada was because he has been declared a

15  vexatious litigant in the Northern District of Texas and cannot file further actions in that District

16  without permission of the court.  See Liptak v. Banner, 2002 WL 378454 (N.D. Tex. March 7,

17  2002)(aff'd 67 Fed. Appx. 252 (5th Cir. 2003)).

18       Additionally, the Court would alternatively dismiss the complaint under Rule 12(b)(3).

19  Plaintiff has made no showing that the District of Nevada is the proper venue for this action arising

20  based on facts that entirely occurred in the State of Texas.  Plaintiff asserts that venue is proper in

21  Nevada based on a forum selection clause in the Independent Management Agreement ("the

22  Agreement") attached to the complaint.  The Agreement is between Public Legal Education

23  Associates, L.C. ("PLEA") and Virgil Liptak d/b/a Designed Financial Services.  The Agreement

24  purports to designate Liptak as the Manager of PLEA.  The Manager's role, under the agreement, is

25  to act as Chief Executive Officer of PLEA and manage its day to day affairs.  The alleged forum

26  selection clause states: "PLEA and Manager intend to operate and raise funds from the public in

states other than Texas.  All rights, duties, and obligations under this Agreement are subject to performance and enforcement wherever Manager shall choose, at its sole and exclusive discretion."

However, it appears from the allegations of the complaint that the Agreement is no longer in force.  Additionally, Plaintiff did not sue in his capacity as Manager and, therefore, cannot invoke the alleged forum selection clause. The Court denies Plaintiff leave to amend his claims against Sears, because the Court would otherwise dismiss the complaint under Rule 12(b)(3).  Therefore, Liptak's claims against Sears are dismissed without leave to amend.

## IV.  Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendant Sears, Roebuck & Co.'s Motion to Dismiss (#6/7) is **GRANTED**.

DATED this 18th day of March 2013.

_____
Kent J. Dawson
United States District Judge