1

2

3

4

5

6

7

8

9

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

10  V.F. LIPTAK,

11        Plaintiff,                                    Case No. 2:12-CV-00882-KJD-GWF

12  v.                                                     **ORDER**

13  ALLY BANK, *et al.*,

14        Defendants.

15

16        Presently before the Court is Plaintiff V.F. Liptak's Motion for Default Judgment (#27).

17  I. Background

18        On May 24, 2012, Plaintiff filed suit against Defendant Bank of America. Plaintiff's

19  complaint mentions Defendant Bank of America sporadically over the course of its sixty-six pages.

20  On page five, Plaintiff alleges "Defendant Bank of America is indebted to Liptak as a national bank

21  doing business in this judicial district. Liptak intends to seek waiver of service from Bank of

22  America but for purposes of this action, if those who represented themselves as authorized agents

23  refuse to waive service by summons, Liptak will serve their agent as registered with the Secretary of

24  the State of Nevada."

25        On page twenty-one, Plaintiff claims that a "recent suit for garnishment was only belatedly

26  noticed and not by clerk nor opposing counsel but by garnishee Bank of America's copy to Liptak a

1   month later[.]" On the following page, Plaintiff continues: "<u>Bank of America is sued because they</u>

2   <u>refuse to release funds while draining accounts by fees</u>. . . . without any remedy." No further mention

3   of Defendant Bank of America occurs until page fifty, when Plaintiff alleges: "As a matter of fact,

4   Bank of America has no right nor justification to continue to hold money owned by Liptak . . . nor to

5   take monthly fees[.]" Finally, on page fifty-seven, Plaintiffs states: "There can be no reason for . . .

6   Bank of America [in good faith] to object to continuing to hold the funds at issue and keep them as

7   fiduciaries should, rather than turn them over to parties who have no rightful claims."

8          After filing the complaint, Plaintiff continued to communicate by letter and telephone with

9   Defendant Bank of America in Tampa, Florida for two months. On July 25, 2012, Plaintiff sent a

10  copy of the Nevada court summons to the Bank of America Customer Service office in Tampa,

11  Florida. About one week later, on August 3, 2012, Plaintiff sent another copy to the Bank of America

12  registered agent in Nevada via Zane Investigations, Inc.

13         On October 29, 2012, Plaintiff moved for default judgment against Defendant Bank of

14  America. Plaintiff argues that Defendant Bank of America's alleged service of process and its

15  merging into a corporation is proof of a RICO claim. Additionally, Plaintiff alleges: "As is also self-

16  evident by the Complaint, and the hereto attached letter . . . it proves Liptak was/is effectively barred

17  from use of his own funds by unnoticed garnishment of accounts, which must be declared void here

18  due to crime and fraud at the hands of state and federal actors[.]"

19  II. Legal Standard for Entry of Default Judgment

20         Federal Rule of Civil Procedure ("Rule") 55(b)(2) allows the Court, following a defendant's

21  default, to enter a final judgment in a case. However, the Court's decision whether to enter a default

22  judgment is a discretionary one. <u>Aldabe v. Aldabe</u>, 616 F.2d 1089, 1092 (9th Cir. 1980). Factors

23  which may be considered by the Court in exercising this discretion include: (1) the sufficiency of the

24  complaint, (2) the merits of a plaintiff's substantive claims, (3) the possibility of prejudice if entry is

25  denied, (4) the sum of money at stake, (5) the possibility of a dispute concerning material facts, (6)

26  whether default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules

1    of Civil Procedure favoring decisions on the merits. See Eitel v. McCool, 782 F.2d 1470, 1471-72

2    (9th Cir. 1986).

3    III. Analysis

4          Assuming the procedural requirements for entry of a default judgment have been met, the

5    Court must consider the Eitel factors. The first two factors, the sufficiency of the complaint and the

6    merits of a plaintiff's substantive claims, both counsel against granting default judgment. Plaintiff's

7    complaint fails to establish a claim against Defendant Bank of America and fails to establish venue,

8    thereby rendering the complaint insufficient and the merits of a substantive claim nonexistent.

9          The Supreme Court has held that "the purpose of pleading is to facilitate a proper decision on

10   the merits." Conley v. Gibson, 355 U.S. 41, 48 (U.S. 1957). Generally in pleading, as outlined by

11   Rule 8(a), a plaintiff must provide a short and plain statement of the grounds on which the Court has

12   jurisdiction, the claims the plaintiff alleges, and the relief that is sought. A statement of claim should

13   be more than just a mere recitation of labels and legal conclusions. Bell Atl. Corp. v. Twombly, 550

14   U.S. 544, 555 (U.S. 2007).  Cases of fraud, however, have a heightened standard of pleading under

15   Rule 9(b), wherein parties must state a claim "with particularity." This standard requires the pleader

16   to state "the who, what, when, where, and how of the misconduct charged." Kearns v. Ford Motor

17   Co., 567 F.3d 1120, 1124 (9th Cir. 2009) (citation, quotations omitted). The particularity requirement

18   of rule 9(b) also applies to RICO claims. Edward v. Marin Park, Inc., 356 F.3d 1058, 1066 (9th Cir.

19   2004).

20         Under the aforementioned standards, Plaintiff has failed to state a claim, even when

21   construing Plaintiff's *pro se* pleadings liberally. Plaintiff repeatedly alleges that Defendant Bank of

22   America "has no right nor justification" to place a hold on the money in Plaintiff's account following

23   the recent Texas state suit. However, the facts surrounding this allegation lack substantive details that

24   would facilitate a discussion on the merits, as outlined by Conley. 355 U.S. at 48. Additionally, most

25   of the complaint appears to consist of vague facts surrounded by the Plaintiff's own legal conclusions

26   which, in light of Twombly, is insufficient to establish a claim. 550 U.S. at 555.

1    Plaintiff's allegation that Defendant Bank of America violated RICO fares no better. Plaintiff

2    does not appear to make a RICO allegation against Defendant Bank of America in the complaint.

3    Rather, the only clear RICO allegation against Defendant Bank of America appears in the motion for

4    default judgment. Plaintiff simply states that "State Records show but one Bank of America merged

5    into a U.S. Corporation and proof here shows 'BA' was served twice, proving more RICO by 'BA'

6    agents and *Alter Egos*[.]" This is a conclusory statement as described by Twombly and is inadequate

7    to establish a claim. Id. Additionally, this allegation does not fulfill the particularity standard set out

8    by the Federal Rules of Civil Procedure and Kearns, 567 F.3d at 1124.

9    Plaintiff also failed to properly establish venue in the allegations against Defendant Bank of

10   America, which also demonstrates the insufficiency of the complaint. Venue is established generally

11   under 28 U.S.C. § 1391(b). A civil action can be brought (1) in a district where any defendant

12   resides, if all defendants are residents in the State in which the district is located, (2) in a district in

13   which a substantial part of the events of the claim occurred, or, (3) if there is no other district in

14   which an action may otherwise be brought, in a district where a defendant is subject to personal

15   jurisdiction with respect to such action. Id.

16   Plaintiff alleges proper venue in the complaint, but does not fulfil the requirements laid out

17   by 28 U.S.C. § 1391(b). Plaintiff's allegation of venue through contract law is unpersuasive. The

18   contract to which the Plaintiff refers to is an agreement between PLEA and Plaintiff (as PLEA's

19   manager) and is not binding on Defendant Bank of America. Plaintiff also alleges that venue is

20   proper because Defendant Bank of America operates within the venue and would not be

21   inconvenienced by an action in this district. Mere operation within a venue does not necessarily mean

22   that venue is appropriate. Plaintiff must either show that all defendants are residents in Nevada

23   according to 28 U.S.C. § 1391(b)(1), that a substantial part of the events of the claim occurred in

24   Nevada, as outlined by 28 U.S.C. § 1391(b)(2), or that there is no other district in which the action

25   may be brought and that the Defendant is subject to personal jurisdiction in Nevada with respect to

26   the action, as stated in 28 U.S.C. § 1391(b)(3). The events that transpired between Plaintiff and

1   Defendant Bank of America, as explained by Plaintiff and the documentation provided, appears to

2   have substantially occurred in Texas and Florida, but not Nevada. This falls far short of the

3   substantial part requirement laid out by 28 U.S.C. § 1391(b)(2). Also, there is no indication in the

4   complaint that venue is proper under  28 U.S.C. §§ 1391(b)(1) or (b)(3). Plaintiff thus fails to

5   establish venue, further exhibiting the insufficiency of the complaint.

6        The remaining Eitel factors also discourage default judgment. Plaintiff has not established a

7   possibility of prejudice beyond vague allegations of government corruption. There is also no clear

8   indication of the sum of money at stake between the Plaintiff and Defendant Bank of America.

9   Additionally, Plaintiff's complaint, as stated previously, fails to state a claim, which makes a dispute

10  of material facts irrelevant. Whether the default was due to excusable neglect is unknown, but there

11  is no apparent policy favoring a decision on the merits in this case.

12       Finally, having determined that Plaintiff failed to establish a claim and has not established

13  venue, he is ordered to show cause in writing within fourteen (14) days of entry of this order why his

14  complaint against Defendant Bank of America should not be dismissed.

15  IV.  Conclusion

16       Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Default Judgment

17  Against Defendant Bank of America (#27) is **DENIED**; IT IS FURTHER ORDERED that Plaintiff

18  file a written response to the Court's order to show cause within fourteen (14) days of the entry of

19  this order.

20       DATED this 28th day of May 2013.

21

22

23                                        _____
                                          Kent J. Dawson
                                          United States District Judge
24

25

26