# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

V.F. LIPTAK,

    Plaintiff,

v.

ALLY BANK, *et al.*,

    Defendants.

Case No. 2:12-CV-00882-KJD-GWF

**ORDER**

    Presently before the Court is Plaintiff V.F. Liptak's Motion for Default Judgment (#27).

<u>I. Background</u>

    On May 24, 2012, Plaintiff filed suit against Defendant Bank of America. Plaintiff's complaint mentions Defendant Bank of America sporadically over the course of its sixty-six pages. On page five, Plaintiff alleges "Defendant Bank of America is indebted to Liptak as a national bank doing business in this judicial district. Liptak intends to seek waiver of service from Bank of America but for purposes of this action, if those who represented themselves as authorized agents refuse to waive service by summons, Liptak will serve their agent as registered with the Secretary of the State of Nevada."

    On page twenty-one, Plaintiff claims that a "recent suit for garnishment was only belatedly noticed and not by clerk nor opposing counsel but by garnishee Bank of America's copy to Liptak a

month later[.]" On the following page, Plaintiff continues: "<u>Bank of America is sued because they refuse to release funds while draining accounts by fees</u>. . . . without any remedy." No further mention of Defendant Bank of America occurs until page fifty, when Plaintiff alleges: "As a matter of fact, Bank of America has no right nor justification to continue to hold money owned by Liptak . . . nor to take monthly fees[.]" Finally, on page fifty-seven, Plaintiffs states: "There can be no reason for . . . Bank of America [in good faith] to object to continuing to hold the funds at issue and keep them as fiduciaries should, rather than turn them over to parties who have no rightful claims."

After filing the complaint, Plaintiff continued to communicate by letter and telephone with Defendant Bank of America in Tampa, Florida for two months. On July 25, 2012, Plaintiff sent a copy of the Nevada court summons to the Bank of America Customer Service office in Tampa, Florida. About one week later, on August 3, 2012, Plaintiff sent another copy to the Bank of America registered agent in Nevada via Zane Investigations, Inc.

On October 29, 2012, Plaintiff moved for default judgment against Defendant Bank of America. Plaintiff argues that Defendant Bank of America's alleged service of process and its merging into a corporation is proof of a RICO claim. Additionally, Plaintiff alleges: "As is also self-evident by the Complaint, and the hereto attached letter . . . it proves Liptak was/is effectively barred from use of his own funds by unnoticed garnishment of accounts, which must be declared void here due to crime and fraud at the hands of state and federal actors[.]"

II. <u>Legal Standard for Entry of Default Judgment</u>

Federal Rule of Civil Procedure ("Rule") 55(b)(2) allows the Court, following a defendant's default, to enter a final judgment in a case. However, the Court's decision whether to enter a default judgment is a discretionary one. <u>Aldabe v. Aldabe</u>, 616 F.2d 1089, 1092 (9th Cir. 1980). Factors which may be considered by the Court in exercising this discretion include: (1) the sufficiency of the complaint, (2) the merits of a plaintiff's substantive claims, (3) the possibility of prejudice if entry is denied, (4) the sum of money at stake, (5) the possibility of a dispute concerning material facts, (6) whether default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules

of Civil Procedure favoring decisions on the merits. See <u>Eitel v. McCool</u>, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

<u>III. Analysis</u>

Assuming the procedural requirements for entry of a default judgment have been met, the Court must consider the <u>Eitel</u> factors. The first two factors, the sufficiency of the complaint and the merits of a plaintiff's substantive claims, both counsel against granting default judgment. Plaintiff's complaint fails to establish a claim against Defendant Bank of America and fails to establish venue, thereby rendering the complaint insufficient and the merits of a substantive claim nonexistent.

The Supreme Court has held that "the purpose of pleading is to facilitate a proper decision on the merits." <u>Conley v. Gibson</u>, 355 U.S. 41, 48 (U.S. 1957). Generally in pleading, as outlined by Rule 8(a), a plaintiff must provide a short and plain statement of the grounds on which the Court has jurisdiction, the claims the plaintiff alleges, and the relief that is sought. A statement of claim should be more than just a mere recitation of labels and legal conclusions. <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (U.S. 2007).  Cases of fraud, however, have a heightened standard of pleading under Rule 9(b), wherein parties must state a claim "with particularity." This standard requires the pleader to state "the who, what, when, where, and how of the misconduct charged." <u>Kearns v. Ford Motor Co.</u>, 567 F.3d 1120, 1124 (9th Cir. 2009) (citation, quotations omitted). The particularity requirement of rule 9(b) also applies to RICO claims. <u>Edward v. Marin Park, Inc.</u>, 356 F.3d 1058, 1066 (9th Cir. 2004).

Under the aforementioned standards, Plaintiff has failed to state a claim, even when construing Plaintiff's *pro se* pleadings liberally. Plaintiff repeatedly alleges that Defendant Bank of America "has no right nor justification" to place a hold on the money in Plaintiff's account following the recent Texas state suit. However, the facts surrounding this allegation lack substantive details that would facilitate a discussion on the merits, as outlined by <u>Conley</u>. 355 U.S. at 48. Additionally, most of the complaint appears to consist of vague facts surrounded by the Plaintiff's own legal conclusions which, in light of <u>Twombly</u>, is insufficient to establish a claim. 550 U.S. at 555.

Plaintiff's allegation that Defendant Bank of America violated RICO fares no better. Plaintiff does not appear to make a RICO allegation against Defendant Bank of America in the complaint. Rather, the only clear RICO allegation against Defendant Bank of America appears in the motion for default judgment. Plaintiff simply states that "State Records show but one Bank of America merged into a U.S. Corporation and proof here shows 'BA' was served twice, proving more RICO by 'BA' agents and *Alter Egos*[.]" This is a conclusory statement as described by Twombly and is inadequate to establish a claim. Id. Additionally, this allegation does not fulfill the particularity standard set out by the Federal Rules of Civil Procedure and Kearns, 567 F.3d at 1124.

Plaintiff also failed to properly establish venue in the allegations against Defendant Bank of America, which also demonstrates the insufficiency of the complaint. Venue is established generally under 28 U.S.C. § 1391(b). A civil action can be brought (1) in a district where any defendant resides, if all defendants are residents in the State in which the district is located, (2) in a district in which a substantial part of the events of the claim occurred, or, (3) if there is no other district in which an action may otherwise be brought, in a district where a defendant is subject to personal jurisdiction with respect to such action. Id.

Plaintiff alleges proper venue in the complaint, but does not fulfil the requirements laid out by 28 U.S.C. § 1391(b). Plaintiff's allegation of venue through contract law is unpersuasive. The contract to which the Plaintiff refers to is an agreement between PLEA and Plaintiff (as PLEA's manager) and is not binding on Defendant Bank of America. Plaintiff also alleges that venue is proper because Defendant Bank of America operates within the venue and would not be inconvenienced by an action in this district. Mere operation within a venue does not necessarily mean that venue is appropriate. Plaintiff must either show that all defendants are residents in Nevada according to 28 U.S.C. § 1391(b)(1), that a substantial part of the events of the claim occurred in Nevada, as outlined by 28 U.S.C. § 1391(b)(2), or that there is no other district in which the action may be brought and that the Defendant is subject to personal jurisdiction in Nevada with respect to the action, as stated in 28 U.S.C. § 1391(b)(3). The events that transpired between Plaintiff and

Defendant Bank of America, as explained by Plaintiff and the documentation provided, appears to have substantially occurred in Texas and Florida, but not Nevada. This falls far short of the substantial part requirement laid out by 28 U.S.C. § 1391(b)(2). Also, there is no indication in the complaint that venue is proper under 28 U.S.C. §§ 1391(b)(1) or (b)(3). Plaintiff thus fails to establish venue, further exhibiting the insufficiency of the complaint.

The remaining <u>Eitel</u> factors also discourage default judgment. Plaintiff has not established a possibility of prejudice beyond vague allegations of government corruption. There is also no clear indication of the sum of money at stake between the Plaintiff and Defendant Bank of America. Additionally, Plaintiff's complaint, as stated previously, fails to state a claim, which makes a dispute of material facts irrelevant. Whether the default was due to excusable neglect is unknown, but there is no apparent policy favoring a decision on the merits in this case.

Finally, having determined that Plaintiff failed to establish a claim and has not established venue, he is ordered to show cause in writing within fourteen (14) days of entry of this order why his complaint against Defendant Bank of America should not be dismissed.

IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Default Judgment Against Defendant Bank of America (#27) is **DENIED**; IT IS FURTHER ORDERED that Plaintiff file a written response to the Court's order to show cause within fourteen (14) days of the entry of this order.

DATED this 28th day of May 2013.

_____
Kent J. Dawson
United States District Judge