# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

V.F. LIPTAK,

    Plaintiff,

v.

ALLY BANK, *et al.*,

    Defendants.

Case No. 2:12-CV-00882-KJD-GWF

**ORDER**

    Presently before the Court is Defendant IRS/United States' Motion to Dismiss (#28). Plaintiff filed a response in opposition (#31) to which Defendant replied (#32).

I. Background

    On May 24, 2012, Plaintiff filed suit against Defendant IRS/United States. Plaintiff's allegations against Defendant are scattered throughout the sixty-six page complaint. Plaintiff alleges on page thirteen that the IRS and "their agents . . . engaged in a pattern of violation of Liptak's . . . rights . . . per 1st, 5th, 7th, & 14th Amendments[.]" As evidence of these violations, Plaintiff asserts on page thirty-three that the Defendant failed to "produce such documents they filed" during a recent Texas state court case.

    Plaintiff's complaint also alleges on page eight that the Attorney General had a duty to represent Plaintiff in the Texas state court case. On page sixteen, Plaintiff asserts that the Texas state

court judgment confirmed the Attorney General's duty and breach when it "**admit[ted] by silence no notice to an atorney** [sic] **General, who by statute and common law is the only party to represent the interests of** [Plaintiff.]" Plaintiff states on page twenty-two that the Attorney General "crafted policies for or authorized facially the unconstitutional actions and the foreseeable consequences of [the Texas state court.]" Plaintiff continues on page twenty-six, affirming that when the Attorney General allowed the Texas state court judgment to occur, he "breached [his] fiduciary and ministerial duties and thereby fostered and acceded to the illegal acts akin to a *Ponzi-Madoff* scheme where they take from the people and give to the rich, but without a remedy."

Plaintiff later asserts on page forty-seven that the Texas state court judgment is evidence of RICO: "Defendants overtly engaged in [RICO] and consciously agreed . . . as partially if not fully **proven by the attached** [Texas state court judgment], showing an **overt agreement or meeting of the minds, to multiply excess takings** by pretext of law[.]" On page fifty-four, Plaintiff finally alleges a tort under 18 U.S.C. § 1961 for "bad acts and omissions of government employees while acting within the scope of their office or employment as developed by the foregoing facts which . . . are hereby adopted as proof." Plaintiff states that such actions grant an entitlement to "damages described above and blow, which are incalculable now, exceeding many $Millions and continuing to grow, without any foreseeable remedy save a *status quo* injunction ordered immediately by this court." Defendant then filed the present motion to dismiss on November 16, 2012.

II. Legal Standard for a Motion to Dismiss

Federal Rule of Civil Procedure ("Rule") 41(b) states that if a plaintiff "fails to . . . comply with these rules . . . a defendant may move to dismiss the action or any claim against it." When a motion to dismiss is made, the Court must construe it in the light most favorable to the non-moving party. Wyler Summit Partnership v. Turner Broadcasting System, Inc., 135 F.3d 658, 661 (9th Cir. 1998). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Plausibility, in the

context of a motion to dismiss, means that a plaintiff has pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

The Iqbal evaluation illustrates a two prong analysis. First, the Court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. Id. at 1949-51. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. If the allegations state plausible claims for relief, such claims survive the motion to dismiss. Id. at 1950.

The pleading rules are not meant to put a large burden on a plaintiff, "[b]ut it should not prove burdensome for a plaintiff who has suffered an economic loss to provide a defendant with some indication of the loss and the causal connection that the plaintiff has in mind." Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 347 (U.S. 2005). These requirements serve an additional practical purpose of preventing "a plaintiff 'with a largely groundless claim to simply take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value, rather than a reasonably founded hope that the [discovery] process will reveal relevant evidence.'" Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 347 (U.S. 2005) (quoting Blue Chip Stamps v. Manor Drug Stores, 421 U.S. 723, 741 (U.S. 1975)).

III. Analysis

Defendant's motion to dismiss for lack of subject matter jurisdiction must be granted because Plaintiff's claims are barred by sovereign immunity. "The United States, as sovereign, is immune from suit save as it consents to be sued[.]" United States v. Sherwood, 312 U.S. 584, 586 (U.S. 1941). When bringing a case against the federal government, a plaintiff bears the burden of showing an unequivocal waiver of sovereign immunity. Baker v. United States, 817 F.2d 560, 562 (9th Cir. 1987). The waiver of sovereign immunity must be express and not implied. United States v. Mitchell, 445 U.S. 535, 538 (U.S. 1980). In order to succeed, a suit must be brought into strict compliance with the statute abrogating sovereign immunity. Sherwood, 312 U.S. at 590. Agents and

officers of the United States also benefit from immunity in their official duties if reasonable grounds exist for the belief that their actions were appropriate and they acted in good faith. Hutchinson v. United States, 677 F.2d 1322, 1328 (9th Cir. 1982). Additionally, when judgment is demanded against federal agents and officers in their official capacities and the judgment would come out of the public fisc, the suit is considered to be against the United States and not the agents or officers. Demery v. Kupperman, 735 F. 2d 1139, 1145-46 (9th Cir. 1984).

Plaintiff raises the current suit against the IRS and the Attorney General. The suit against the Attorney General concerns an alleged breach of official duty and judgment would come out of the public fisc. The suit, therefore, is considered to be against the United States. Id. Both the United States and the IRS are protected through sovereign immunity. Mitchell, 312 U.S. at 586; Hutchinson, 677 F.2d at 1328. The burden thus falls to Plaintiff to show that Defendant has abrogated sovereign immunity. Baker, 817 F.2d at 562.

Plaintiff's general reference to 28 U.S.C. § 1346 as proof that sovereign immunity is waived in the present case is unpersuasive. Although 28 U.S.C. § 1346 provides a limited waiver of sovereign immunity, Plaintiff has failed to show the necessary elements each subsection requires. Plaintiff does not specify a particular tax that has been illegally assessed or collected to qualify under 28 U.S.C. § 1346(a)(1). Plaintiff's demand for $100 million in remedies exceeds the $10,000 limit of 28 U.S.C. § 1346(a)(2). 28 U.S.C. § 1346(b)(1) is subject to the provisions of chapter 171, and Plaintiff failed to show how Defendant's actions are not a protected execution of statute, regulation, or discretionary function according to 28 U.S.C. § 2680(a). The remaining subsections are similarly inapplicable to Plaintiff's case. Accordingly, the Court rejects Plaintiff's argument that 28 U.S.C. § 1346 abrogates sovereign immunity in the present case.

The Federal Tort Claims Act ("FTCA") allegations are similarly unpersuasive. The FTCA spans 28 U.S.C. §§ 1346(b), 2671-2680 and provides a restricted waiver of sovereign immunity. 28 U.S.C. § 1346(b) states that the United States will only be liable for the torts of its employees "if a private person, would be liable to the claimant in accordance with the law of the place where the act

4

or omission occurred." 28 U.S.C. § 2674 clarifies that the United States will only be liable for a tort claim "in the same manner and to the same extent as a private individual under like circumstances[.]" Plaintiff, therefore, may only bring a tort claim against the United States when it would be appropriate to bring a similar case against an individual. Additionally, Plaintiff is held to the same standards of pleading and procedure as in a typical tort case, unless otherwise stated in 28 U.S.C. §§ 1346(b), 2671-2680. Plaintiff does not meet this requirement because the complaint fails to state a claim or plead facts that would support a tort claim. Instead, Plaintiff appears to mistake a tort claim with the burden, work, and investment associated with Plaintiff's voluntary *pro se* representation and recent unfavorable Texas judgment. As an example, Plaintiff states on page two of the response that Defendant's seven-page motion to dismiss (filed after receiving Plaintiff's sixty-six page complaint) was "an experiment in torture" because it demanded "he reiterate hundreds of pages of evidence (by illegal procedural pretext to disparately treat . . . plaintiffs) for unjust benefit of such actors, with 90 days to file said false motion leaving [Plaintiff] without counsel a few business days (on Thanksgiving) to reply. . . being Slavery or Unusual Penalty[.]" (original brackets replaced with parentheticals). Such assertions are common in both the complaint and response. Although Plaintiff finds the requirements of *pro se* representation burdensome and the difficulties of an unfavorable judgment severe, they do not establish a tort claim by themselves. The Court consequently rejects Plaintiff's allegation that the FTCA waives sovereign immunity.

It is clear in the present case that Plaintiff has failed to show how sovereign immunity is unequivocally abrogated under 28 U.S.C. § 1346 or the FTCA. In light of the above, Defendant's motion to dismiss under sovereign immunity is therefore granted.

Even when construing Plaintiff's *pro se* pleadings liberally, Plaintiff fails to state a claim against Defendant; therefore, the Court would alternatively dismiss Plaintiff's complaint under Rule 12(b)(6). First, Plaintiff makes vague allegations that Defendant has engaged in a pattern of infringing on constitutional rights. To state a claim, Iqbal requires a plaintiff to make nonconclusory factual allegations that plausibly suggest an entitlement to relief. 129 S. Ct. at 1949-51. Plaintiff's

5

rambling discourse about kings, neo-conservatives, slavery, corruption, and treason does not state a claim as outlined by Iqbal. Id. The only specific claim for which Plaintiff asserts facts is that Defendant failed to "produce documents" and is responsible for the policies surrounding Plaintiff's unfavorable judgment from the Texas state court. However, Plaintiff fails to show how not producing unspecified documents and receiving an unfavorable judgment are violations of constitutional rights and plausibly suggest an entitlement to relief.

Plaintiff additionally asserts that the Attorney General had a duty to represent Plaintiff in the recent Texas state court case, but again fails to state a claim. Plaintiff's allegations concerning the Attorney General in the complaint are bald, conclusory statements as defined under Iqbal. Id. at 1949-51. Conclusory statements may provide the framework of a complaint, but must be supported by factual allegations. Id. at 1949. Plaintiff's belief that the Texas state court judgment fulfills this requirement is incorrect; the document does not establish a duty for the Attorney General, but merely describes the Texas state court's judgment against Plaintiff. Plaintiff's dissatisfaction with the Texas state court judgment and proceedings does not constitute a breach of duty by the Attorney General. The duties and office of the Attorney General are enumerated by statute 28 U.S.C. §§ 501–530D. Plaintiff's allegations fail to show how the Attorney General breached an enumerated duty and how it plausibly suggests an entitlement to relief.

Although Plaintiff states Defendant violated RICO, the RICO allegations are unsuccessful because Defendant is a government entity, which cannot form the malicious intent required. Lancaster Community Hosp. v. Antelope Valley Hosp. Dist., 940 F.2d 397, 404 (9th Cir. 1991). The reasoning behind this holding is partially to prevent taxpayers, an innocent party, from being exposed to the treble damages that RICO requires. See Id. Congress enacted the Racketeer Influenced and Corrupt Organizations Act ("RICO") with the specific intent to "combat organized crime, not to provide a federal cause of action and treble damages to every tort plaintiff." Oscar v. Univ. Students Co-Operative Assn., 965 F.2d 783, 786 (9th Cir. 1992). Plaintiff declares that the mere existence of the unfavorable judgment from the Texas state court is proof of Defendant's RICO violations. Not

only is Plaintiff's conclusory allegation insufficient without additional facts, but it is inappropriate under <u>Lancaster</u>. 940 F.2d at 404.

Plaintiff has failed to state a claim regarding Defendant's failure to produce documents during the Texas state court trial, the Attorney General's alleged duty towards Plaintiff, and Plaintiff's RICO allegations. As a result, the Court would alternatively grant the motion to dismiss under Rule 12(b)(6).

To the extent that this suit can be construed to be against the Attorney General in an individual capacity, the court would alternatively dismiss the case for insufficient service of process under Rule 12(b)(5). Rule 4(e) outlines the service of process for individuals and requires a person to serve an individual either (1) in accordance with state law, (2) by serving the individual personally, (3) by serving a person of reasonable discretion and age at the individual's dwelling or place of abode, or (4) by serving an agent authorized by appointment or law. Nevada state law, found in Nevada Rules of Civil Procedure 4(d)(6), does not state any additional appropriate methods of service. Plaintiff has failed to serve the Attorney General in a suitable manner. The Court, therefore, would dismiss the claims against the Attorney General in an individual capacity in accordance with Rule 4(e).

IV.  Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendant IRS/United States' Motion to Dismiss (#28) is **GRANTED**; IT IS FURTHER ORDERED that the Clerk of the Court enter **JUDGMENT** for Defendants IRS, United States, and Public Legal Education Associates, LC and against Plaintiff.

DATED this 28th day of May 2013.

Kent J. Dawson
United States District Judge

7