# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

V.F. LIPTAK,

    Plaintiff,

v.

ALLY BANK, *et al.*,

    Defendants.

Case No. 2:12-CV-00882-KJD-GWF

**ORDER**

    Presently before the Court is Plaintiff V.F. Liptak's Response (#38) to Order (#35) to Show Cause and Plaintiff's Supplemental Points of Evidence and Argument (#39). Also before the Court is Plaintiff's Motion to Vacate Judgment or Personally Serve the Attorney General or for Leave to Replead or Extension of Time to Appeal (#40).

<u>I. Background</u>

    On May 28, 2013, the Court issued an Order Denying Plaintiff's Motion for Default Judgment against Defendant Bank of America. In the Order, the Court found that Plaintiff failed to properly allege venue or a claim upon which relief could be granted. The Court ordered Plaintiff to file a written response to show why his case against Defendant Bank of America should not be dismissed.

Plaintiff filed his Response (#38) to the Court's Order and Supplemental Points of Evidence (#39) soon after.

Also on May 28, 2013, the Court issued an Order Granting Defendant IRS/United States' Motion to Dismiss. In the Order, the Court found that Plaintiff's claims against the United States and the IRS were barred by sovereign immunity. The Court alternatively found that Plaintiff failed to properly state a claim. The Court also entered Judgment for Defendants IRS, United States, and Public Legal Education Associates against Plaintiff on the same day. On June 24, 2013, Plaintiff filed the present Motion to Vacate Judgment (#40).

II. Legal Standard of a Motion for Relief from Judgment

Motions to amend or alter a judgment may be made under Rule 59(e). See FED. R. CIV. P. 59(e). Since specific grounds for a motion to amend or alter are not listed in Rule 59(e), district courts enjoy considerable discretion in granting or denying the motion. See McDowell v. Calderon, 197 F.3d 1253, 1255 n. 1 (9th Cir. 1999) (internal quotation marks and citations omitted). Amending a judgment after its entry is an extraordinary remedy which should be used sparingly. See Id. (internal quotation marks and citations omitted).

Motions for relief from judgment may be made under Rule 60(b). See FED. R. CIV. P. 60(b). Such motions are committed to the discretion of the trial court. See School Dist. No. 1J. Mutlinomah County v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993). A Rule 60(b) motion may be brought if the moving party can show (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or other misconduct; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief from operation of judgment. Backland v. Barnhart, 778 F.2d 1386, 1388 (1985). A party can obtain relief under Rule 60(b)(6) only upon an adequate showing of exceptional or extraordinary circumstances. See Maraziti v. Thorpe, 52 F.3d 252, 254 (9th Cir. 1995). A Rule 60(b) motion should not merely present arguments previously raised. See Maraziti v. Thorpe, 52 F.3d 252, 255 (9th Cir. 1995); see also Beentjes v. Placer County Air Pollution Control District, 254 F.Supp.2d 1159, 1161 (E.D. Cal. 2003).

III. Analysis

    1. Plaintiff's Response to the Court's Order

    The Court previously denied Plaintiff's Motion for Default Judgment because he did not satisfy the factors laid out by the Ninth Circuit in Eitel v. McCool, 782 F.2d 1470 (9th Cir. 1986). Specifically, the Court noted that Plaintiff failed to state a claim and did not establish venue[1]. The Court then ordered Plaintiff to show cause why his complaint against Defendant Bank of America should not be dismissed.

    Plaintiff's response merely rehashes the arguments from his Motion for Default Judgment (#27). The Court previously addressed Plaintiff's arguments in its Order (#35) denying Plaintiff's motion. Accordingly, the complaint against Bank of America is dismissed without prejudice.

    2. Plaintiff's Motion to Vacate

    Plaintiff states that the "judgment should be vacated or amended to prevent manifest justice." Plain. Mot. to Vacate P. 4. To make such a motion, Plaintiff must show why the extraordinary remedies of Rule 59(e) and Rule 60(b) should be used. See McDowell, 197 F.3d at 1255 n. 1; see also Backland, 778 F.2d at 1388. Plaintiff, however, merely repeats the allegations and arguments from his previous motions and responses. Plaintiff's allegations are insubstantial, conclusory, and insufficient to satisfy the requirements of Rule 59(e) and Rule 60(b).

    3. Plaintiff's Motion to Personally Serve the Attorney General

    Plaintiff asks "for order to serve AG Holder at his home [by U.S. Marshals] paid for as costs from the $50,000 Liptak gave the People/PLEA[.]" Plain. Mot. to Vacate P. 1. Service is done at the commencement of an action. See FED. R. CIV. P. 4, 5. The Court stated in its Order (#34) that Plaintiff's suit against the Attorney General concerned an alleged breach of official duty and should

///

---

[1] The Court previously noted in its Order (#35) that "The events that transpired between Plaintiff and Defendant Bank of America, as explained by Plaintiff and the documentation provided, appears to have substantially occurred in Texas and Florida, but not Nevada." Order Denying Default Judg. P. 4-5.

be construed to be against the United States. In the same order, the Court entered judgment for Defendant United States and against Plaintiff. Accordingly, Plaintiff's motion is moot.

### 4. Plaintiff's Motion to Replead

Plaintiff asks, in the alternative of the above motions, for leave to replead. Factors that the Court must consider when deciding whether to grant a motion to replead include bad faith on the part of the movant, undue prejudice to the opposing party, and futility of amendment. See Foman v. Davis, 371 U.S. 178, 182 (1962). In the present case, amendment would be futile since the venue is inappropriate. Plaintiff's case has been dismissed without prejudice, however, and he is free to file his case in the appropriate venue.

### 5. Plaintiff's Motion for Extension of Time to Appeal

Plaintiff also requests for extension of time to appeal. Generally, a party must file a notice of appeal with the district clerk within thirty days after the entry of judgment. See FED. R. APP. P. 4(a)(1)(A). In the interest of justice, since no separate judgment was entered as to Sears and Ally Bank, the Court will grant Plaintiff's motion and allow him to file an appeal for all Defendants of the present case within thirty days after the entry of this Order.

## IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Vacate Judgment or Personally Serve the Attorney General or for Leave to Replead or Extension of Time to Appeal (#40) is **GRANTED IN PART** AND **DENIED IN PART**;

IT IS FURTHER ORDERED that Plaintiff is granted a thirty (30) day extension of time from the date of this order to file his NOTICE OF APPEAL;

///
///
///
///
///

IT IS FURTHER ORDERED that the Clerk of the Court enter **JUDGMENT** for Defendants Bank of America, Sears, Roebuck & Co., and Ally Bank and against Plaintiff.

DATED this 2nd day of October 2013.

_____
Kent J. Dawson
United States District Judge